[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO MODIFY ALIMONY POST-JUDGMENT DATED DECEMBER 17, 2001
The defendant has filed a Motion to Modify Alimony Post-Judgment coded #121 alleging as follows:
1. On September 20, 2000, the Court (Doherty, J.) granted a dissolution of the parties' marriage and ordered, inter alia, that the parties' Separation Agreement dated September 20, 2000, be made a part of the Judgment.
2. Under the terms of the Judgment, and provisions of the parties' Separation Agreement, Paragraph 11, the Husband agreed to pay the sum of One Thousand Dollars ($1,000.00) per week commencing September 22, 2000, for a period of seven (7) years. Said alimony is modifiable as to amount and non-modifiable as to term and shall terminate upon the death of either party or the Wife's remarriage.
3. Since that time, there has been a substantial change in circumstances in that the Defendant is no longer employed.
4. Since that time, there has been a substantial change in circumstances in that the Defendant has a subsequent spouse and two CT Page 5521-ao additional dependent children for which he is legally obligated to support.
The court finds that the marriage between the parties was dissolved on September 20, 2000. Under the terms of the Separation Agreement between the parties dated September 20, 2000, that was made part of the Judgment, the defendant was ordered to pay to the plaintiff the sum of $1,000 per week alimony for a period of seven years commencing September 22, 2000. The alimony was modifiable as to amount but not as to term, and was to terminate upon the death of either party or the plaintiff's remarriage.
The court further finds that since the date of dissolution, the defendant has remarried. He has adopted the two minor children of his new wife. The youngest child was born on June 5, 2000. His new wife was employed until September of 2000 and now remains home caring for the infant child. The defendant is now responsible for all of the expenses of his current spouse and his two adopted children. While it is commendable that the defendant has adopted the two children of his present wife, nevertheless, the obligation to support those children as well as the obligation to support his current wife rests on the shoulders of the defendant and not on the back of the plaintiff. The court finds that neither his remarriage nor adoption constitutes a substantial change in circumstances. Even where there is a substantial change in circumstances, that does not mandate that an existing order be modified. This court would not modify the existing alimony order even if the defendant's remarriage and adoption were considered to be a substantial change in circumstances.
At the time the defendant filed the Motion to Modify Alimony, he was unemployed, although, by the time this matter came up for hearing he had obtained new employment. The court finds the following additional facts regarding the defendant's request to modify alimony based on his income situation.
On the date the parties were divorced, the defendant had gross weekly income of $2,884.62 less deductions. He also had a gross weekly car allowance of $196.15 less deductions and weekly interest income and bonuses of $325.77 less deductions. He had bank accounts totaling $63,039.58, stocks and bonds totaling $22,600, cash surrender value in life insurance totaling $6,848, deferred compensation plans totaling $197,936.13, and other assets totaling $35,190. At the present time he has gross weekly income of $2,596.16 less deductions. He also has interest income that he shows as $15 weekly which the court finds has CT Page 5521-ap been intentionally been reduced from what it could earn. The court finds that the defendant could be earning 4% interest on his bank accounts which would result in a weekly interest amount of $123. He has bank accounts totaling $139,888, stocks and bonds totaling $14,800, cash surrender value in life insurance totaling $13,300, and deferred compensation plans of $175,628.
The employment that the defendant had on the date of dissolution was terminated in November, 2001, as a result of the sale of his employer, which required all officers of the company to tender their resignations. He received a severance package when his employment terminated in the gross amount of $183,000. That package consisted of one full year's salary of $157,000 plus $13,000 for job placement expenses and an additional $13,000 towards COBRA Health Insurance premiums. His health insurance premiums since his job terminated has only cost him $3,000. His current employment provides family health insurance for his benefit as well as that of his wife and children effective March 1, 2002.
After the defendant's employment was terminated in November, 2001, he was unemployed for approximately two months during which time he received unemployment compensation from the State of New York. He is currently employed by Gemini Sound Products at a base salary of $135,000 with a minimum guaranteed bonus of $20,000 if he remains employed for one full year. The defendant claims that his reduced employment income constitutes a substantial change in circumstances that warrants a reduction in his alimony order. The court is not persuaded by that argument for the following reasons:
First the court finds that the severance package that he received should be treated as a prepayment of a future income stream. All of the superior court decisions that have involved this issue, have found that salary prepayment should be treated as a future income stream. By treating his prepayment as a future income stream he is actually now receiving more income then he was at the time of dissolution rather than less income.
Secondly, even if it is to be successfully argued that his severance package should not be considered as part of an income stream and that there's been a substantial change in circumstances as a result of his current reduced income, this court would not modify the existing alimony order. Even where there's been a substantial change in circumstances it is not mandatory that an existing order be modified. Where there has been a substantial change in circumstances, the court then considers all of the statutory factors in determining whether to modify alimony. This CT Page 5521-aq court in the exercise of its discretion would not modify alimony under all the existing circumstances of this case.
Accordingly, the Motion to Modify is denied.
AXELROD, JTR